E-FILED
Tuesday, 19 July, 2016  01:45:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOSEPH R. RACANELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-4078 |
| | ) | |
| JAMES C. CLAYTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging mail tampering and retaliation.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. § 207/1 *et seq.*  Plaintiff has named James Clayton, the Security Director at Rushville, as the sole defendant.

Plaintiff alleges that Rushville officials opened a letter addressed to him at the direction of Defendant Clayton.  The letter contained a money order that was allegedly deposited into

Plaintiff's trust account.  Plaintiff alleges he was provided only with a receipt for the money

order and deposit.  Plaintiff alleges this violated Rushville policy.

Plaintiff alleges that he complained to Defendant Clayton, as well as the Illinois Inspector

General, the Illinois State Police, and Gregg Scott, the Program Director at Rushville.  Scott had

allegedly received phone calls from Plaintiff's mother, father, and attorney about the mail

incident, but failed to take any action.  Instead, Plaintiff alleges Scott told Plaintiff to leave

matters alone or "you will see."

Plaintiff alleges Defendant Clayton then transferred Plaintiff to a new housing

assignment with a "sexually violent homosexual person," allegedly in retaliation for Plaintiff's

complaints.  Plaintiff alleges he was moved to a different housing assignment after he spoke with

other Rushville officials.

## ANALYSIS

Plaintiff does not have a constitutionally protected right to privacy in his non-privileged

mail.  *Cf. Hudson v. Palmer*, 468 U.S. 517 (1984) (prisoners have no right to privacy in their jail

cells); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (prison officials can open mail

non-privileged mail without infringing on any privacy interest).

Plaintiff does not allege that the letter was legal mail or privileged in any other way.

Furthermore, Plaintiff does not allege that TDF officials deprived him of the funds included via

money order.  Instead, Plaintiff alleges that TDF officials deposited the funds into his account

and provided him with a receipt.  At no time does Plaintiff allege that the funds were not

available to him.  Even if TDF officials violated a facility administrative rule, such violation

does create a federally enforceable right.  *See Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir.

2003) ("[T]he Constitution does not compel states to follow their own laws…. Nor does it permit a federal court to enforce state laws directly.").

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). The adverse action need not independently violate the Constitution, rather "a complaint need only allege a chronology of events from which retaliation may be inferred." *Id.*

Plaintiff has a First Amendment right, subject to institutional security concerns, to complain to TDF staff about the conditions he faces while confined. *Cf. Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010) (lawfully confined individual must exercise First Amendment rights in a manner consistent with that confinement). As a result of his complaints, Plaintiff alleges that he was assigned to share a room with a "sexually violent homosexual person." The inference from this allegation is that this individual posed a risk of harm to Plaintiff though whether TDF officials knew of such risk to Plaintiff is unclear. Either way, this arrangement appears to have been short-lived. Plaintiff alleges that after expressing his concerns to staff he was moved to a different area of the facility and, therefore, any threat Plaintiff faced would have terminated when he was moved.

At best, Plaintiff could show that TDF officials opened his non-privileged mail, deposited funds into his account, assigned him a new roommate after he complained, and then moved him to a different room shortly after Plaintiff expressed a fear of harm. On these allegations, a retaliatory motive is hard to infer, especially given the nature of the alleged retaliatory conduct (a

new roommate assignment) and the fact that officials removed Plaintiff from the situation shortly

after he voiced his concerns.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 19th day of July, 2016.


_s/James E. Shadid_
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE